UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

STACEY RODRIGUEZ,
on behalf of herself and
all others similarly-situated,                     Case No. 20-cv-1687

        Plaintiff,                         **COLLECTIVE AND CLASS
                                                   ACTION PURSUANT TO**
    v.                                 **29 U.S.C. §216(b) AND
                                                   FED. R. CIV. P. 23**

PALOMA LEGACY, LLC
1221 Geneva National Avenue South                  **JURY TRIAL DEMANDED**
Lake Geneva, Wisconsin 53147

        Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Stacey Rodriguez, against Defendant, Paloma Legacy, LLC.

2.    Plaintiff bring these FLSA and WWPCL claims and causes of action against Defendant on behalf of herself and all other current and former non-exempt tipped employees of Defendant for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime and minimum wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3. Defendant operated an unlawful compensation system that deprived current and former hourly-paid, non-exempt tipped employees of their wages earned for all compensable work performed each workweek by (1) failing to compensate said employees with overtime pay by incorrectly calculating said employees' regular rate(s) of pay and/or overtime wages due and owing during workweeks when said employees worked in excess of forty (40) hours, in violation of the FLSA and WWPCL; (2) failing to compensate said employees with lawful minimum wages in violation of the FLSA; and (3) claiming a tip credit for the difference between said employees' hourly rate(s) of pay and the mandated statutory minimum wage rate of pay without obtaining signed tip declarations from said employees each pay period during which Defendant claimed the tip credit, in violation of the minimum wage provisions of the WWPCL.

4. Defendant's deliberate failure to compensate its non-exempt, tipped employees for hours worked and work performed at the proper and legal hourly rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides and/or does substantial business in this District, including but not limited to owning, operating, and managing physical location(s) within this District.

## PARTIES AND COVERAGE

8.    Plaintiff, Stacey Rodriguez, is an adult female resident of the State of Wisconsin with a post office address of 603 South 2nd Street, Delavan, Wisconsin 53115.

9.    Defendant, Paloma Legacy, LLC, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 1221 Geneva National Avenue South, Lake Geneva, Wisconsin 53147.

10.    Defendant is a hospitality company.

11.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, managed, and maintained numerous restaurants and other physical locations in the State of Wisconsin, including restaurants and physical locations within this District, and the physical location at which Plaintiff primarily worked in the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

12.    For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13.    For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14.    During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

15. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

16. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business, collectively and individually, exceeded $500,000.

17. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

18. Plaintiff brings this action on behalf of herself and all other current and former non-exempt tipped employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other non-exempt tipped employees were subjected to Defendant's same unlawful compensation policies and practices as enumerated herein and performed the same or similar job duties at all of Defendant's restaurants and physical locations.

19. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt, tipped employees of Defendant on whose behalf Plaintiff brings this Complaint performed compensable work in same or similar job duties on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

20. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised and/or managed Plaintiff's and other hourly-paid, non-exempt, tipped employees' day-to-day activities.

21. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and other hourly-paid, non-exempt, tipped employees.

22. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of other hourly-paid, non-exempt, tipped employees.

23. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established and/or approved Plaintiff's and other hourly-paid, non-exempt, tipped employees' work schedules, and Defendant provided Plaintiff and all other hourly-paid, non-exempt, tipped employees with work assignments and hours of work.

24. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt, tipped employees abided in the workplace.

25. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

26. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt, tipped employees' employment-related questions, benefits-related questions, and workplace issues.

27. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt, tipped employees for hours worked and/or work performed.

## GENERAL ALLEGATIONS

28.     In approximately April 2017, Defendant hired Plaintiff as a non-exempt, hourly-paid, tipped employee performing compensable work at Defendant's Lake Geneva, Wisconsin location(s).

29.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Lake Geneva, Wisconsin location(s).

30.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work in hourly-paid, non-exempt positions, such as Server, Bartender, Host, and Supervisor.

31.     In approximately September 2020, Plaintiff's employment with Defendant ended.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt tipped employees worked alongside each other as part of Defendant's hospitality industry at restaurants and physical locations in the State of Wisconsin that were owned, operated, and managed by Defendant.

33.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's corporate office maintained employment records and other documentation regarding Plaintiff and all other non-exempt tipped employees.

34.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other non-exempt tipped employees in the State of Wisconsin.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other non-exempt tipped employees for hours worked and work performed.

36.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), tipped positions, such as Servers, were hourly-paid positions at Defendant.

37.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), tipped positions, such as Servers, at Defendant were non-exempt positions for purposes of the WWPCL.

38.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt tipped employees worked in excess of forty (40) hours per workweek.

39.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other non-exempt tipped employees worked in excess of forty (40) hours per workweek.

40.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other individuals employed in tipped positions with an hourly rate below $7.25 per hour when working in positions such as Server.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other individuals who performed work in tipped positions on its behalf, at its direction, for its benefit, and/or with its knowledge with a minimum rate of pay of $2.33 per hour, including but not limited to in the position of Server.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt tipped employees customarily received tips when performing duties in their respective tipped positions, including but not limited to in the position of Server.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant claimed a tip credit for the difference between Plaintiff's and all other non-exempt tipped employees' hourly rate(s) of pay and the mandated minimum wage rate of pay of $7.25 per hour.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other non-exempt tipped employees on a bi-weekly basis via paycheck.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant workweek for WWPCL purposes was Sunday through Saturday.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt tipped employees were subject to Defendant's same unlawful compensation policies, practices, customs, and/or schemes of failing to pay overtime wages and minimum wages each workweek in violation of the FLSA and WWPCL.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated an unlawful compensation system that deprived Plaintiff and all other current and former hourly-paid, non-exempt tipped employees of overtime wages during workweeks when said employees worked in excess of forty (40) hours by incorrectly calculating said employees' regular rate(s) of pay and/or overtime wages due and owing, in violation of the FLSA and WWPCL.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated an unlawful compensation system that deprived Plaintiff and all other current and former hourly-paid non-exempt tipped employees of minimum wages for all

compensable work performed each workweek by failing to inform said employees in accordance with the requirements of 29 C.F.R. § 531.59(b), in violation of the FLSA – which also resulted in overtime violations of the FLSA.

49. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated an unlawful compensation system that deprived Plaintiff and all other current and former hourly-paid non-exempt tipped employees of minimum wages for all compensable work performed each workweek by taking a tip credit on a pay period basis without having a tip declaration signed by said employees each pay period, in violation of the WWPCL – which also resulted in minimum wage and overtime violations of the FLSA.

50. For example, on any given workweek and/or pay period within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid non-exempt tipped employees (particularly in the State of Wisconsin) with an hourly rate of pay of $2.33 per hour for all hours worked during each workweek. However, because Defendant did not comply with the requirements of 29 C.F.R. § 531.59(b), Defendant was not entitled to claim a tip credit between said employees' hourly rate of pay of $2.33 per hour and the mandated minimum wage of $7.25 per hour *and*, in those workweeks when said employees worked in excess of forty (40) hours, Defendant failed to compensate said employees with an overtime rate of $10.875 per hour based on the mandated and full minimum wage of $7.25 per hour. Further, because Defendant did not obtain tip declarations signed by said employees each pay period in accordance with the WWPCL, Defendant was not entitled to claim a tip credit between said employees' hourly rate of pay of $2.33 per hour and the mandated minimum wage of $7.25 per hour *and*, in those workweeks when said employees worked in excess of forty (40) hours, Defendant failed to compensate said

employees with an overtime rate of $10.875 per hour based on the mandated and full minimum wage of $7.25 per hour.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not inform Plaintiff and all other hourly-paid non-exempt tipped employees of the amount of the cash wage with which it would compensate them.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not inform Plaintiff and all other hourly-paid non-exempt tipped employees of the additional amount by which their wages were increased on account of Defendant's claimed tip credit.

53.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not inform Plaintiff and all other hourly-paid non-exempt tipped employees that all tips received by said employees were to be retained by them.

54.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not inform Plaintiff and all other hourly-paid non-exempt tipped employees of its use of the tip credit.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not obtain signed tip declarations by Plaintiff and all other non-exempt tipped employees on a pay period basis.

56.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated an unlawful compensation system that deprived Plaintiff and all other current and former non-exempt tipped employees of minimum wages for all compensable work performed each workweek by taking a tip credit on a pay period basis without

having or obtaining a tip declaration signed by said employees each pay period, in violation of the WWPCL.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other non-exempt, tipped employees employed by Defendant were legally entitled to minimum wages at the rate of $7.25 per hour in accordance with the FLSA and the WWPCL.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and all other current and former non-exempt, tipped employees with a lawful minimum wage of $7.25 per hour for all hours worked each workweek as required by the FLSA and the WWPCL.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees employed by Defendant were legally entitled to minimum wages at the rate of $7.25 per hour and overtime wages at the correct and lawful rate, $10.875 per hour, for all hours worked in excess of forty (40) in a workweek.

60.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt, tipped employees with a lawful minimum wage of $7.25 per hour for all hours worked each workweek as required by the FLSA and WWPCL and at the correct and lawful overtime rate of pay of $10.875 per hour for all hours worked and work performed in excess of forty (40) hours in a workweek as required by the FLSA and the WWPCL.

61.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt, tipped employees' paychecks did not properly or lawfully compensate them for all hours worked in a workweek at the lawful minimum wages and overtime wages under the FLSA and WWPCL.

62.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt, tipped employees employed by Defendant was legally entitled to overtime wages and minimum wages for all hours worked in each workweek in accordance with the FLSA and WWPCL.

63.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt, tipped employees being deprived of minimum wages for all hours worked in each workweek and of overtime pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

64.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt, tipped employees with minimum wages for all hours worked in each workweek and with overtime wages for all hours worked in excess of forty (40) in a workweek, the FLSA and WWPCL.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

65.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former hourly-paid, non-exempt tipped employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint who have not been compensated at a lawful minimum hourly rate of $7.25 per hour for each hour worked each workweek and/or at the correct overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

66.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and were compensated on an hourly basis (and not on a salary basis) each workweek.

67.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to a minimum wage of $7.25 per hour and overtime pay for all hours worked in excess of forty (40) in a workweek.

68.     Plaintiff and the FLSA Collective were primarily employed in tipped positions each workweek within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

69.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and the FLSA Collective with a minimum wage of at least $7.25 per hour for all hours worked each workweek by failing to comply with the requirements of 29 C.F.R. § 531.59(b) and/or by not obtaining signed tip declarations by Plaintiff and the FLSA Collective each pay period.

70. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to compensate Plaintiff and the FLSA Collective with overtime pay of at least $10.875 per hour during workweeks when said employees worked in excess of forty (40) hours and performed compensable work by incorrectly calculating said employees' regular rate(s) of pay and/or total overtime wages, in violation of the FLSA.

71. Defendant's deliberate failure to properly compensate Plaintiff and the FLSA Collective in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

72. Defendant's unlawful practice as it relates to minimum wages and overtime compensation described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful wages due and owing to them, in violation of the FLSA.

73. Defendant was or should have been aware that its unlawful practices relating to minimum wages and overtime compensation failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful wages due and owing to them, in violation of the FLSA.

74. Plaintiff's FLSA Causes of Action are brought under and maintained as an opt-in Collective Actions pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and these Causes of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

75. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with

overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

76. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

77. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS

78. Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former hourly-paid, non-exempt, tipped employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint through the date of final judgment who have not been compensated at a lawful minimum hourly rate of $7.25 per hour for each hour worked each workweek and/or at the correct overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

79. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

80.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred members (100) members of the Wisconsin Class.

81.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

82.     Plaintiff is able to fairly and adequately protect the interests of the members of the Wisconsin Class and has no interests antagonistic to the members of the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

83.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons

to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual members of the Wisconsin Class are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

84.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

85.     Defendant has violated the WWPCL regarding payment of overtime wages and minimum wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

86.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (a) Whether Defendant maintained an unlawful compensation system that failed to compensate the Wisconsin Class with minimum wages for each hour worked each workweek; (b) Whether Defendant maintained an unlawful compensation system that failed to compensate the Wisconsin Class with overtime wages for each hour worked each workweek; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

87.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act**
**(Plaintiff on behalf of herself and the FLSA Collective – Minimum Wages)**

88.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

89.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

90.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

91.     Defendant is subject to the minimum wage requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

92.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

93.     Plaintiff and the FLSA Collective were victims of uniform compensation policy and practice in violation of the FLSA.

94.     The FLSA regulates, among other things, the payment of minimum wages by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a)(1).

95.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant violated the FLSA by intentionally failing to compensate Plaintiff and the FLSA Collective with an effective hourly rate of at least $7.25 per hour for each hour worked each workweek by failing to comply with the requirements of 29 C.F.R. § 531.59(b).

96.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective with minimum wages was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not violations of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay minimum wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

97. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

98. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated minimum wages within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

99. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act
### (Plaintiff on behalf of herself and the FLSA Collective – Overtime Pay)

100. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

101. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

102. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

103. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

104. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

105.    Defendant is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

106.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

107.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant violated the FLSA by intentionally failing to account for and compensate Plaintiff and the FLSA Collective with overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by incorrectly calculating said employees' regular rate(s) of pay and/or overtime wages by virtue of failing to comply with the requirements of 29 C.F.R. § 531.59(b).

108.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant violated the FLSA by intentionally failing to account for and compensate Plaintiff and the FLSA Collective with overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by not obtaining signed tip declarations by Plaintiff and the FLSA Collective each pay period, in violation of the WWPCL.

109.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective with overtime wages was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe their actions and omissions were not violations of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

110. As a result of the aforesaid willful violations of the FLSA's provisions, overtime wages have been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

111. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

112. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### THIRD CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws
### <u>(Plaintiff, on behalf of herself and the Wisconsin Class – Overtime Pay)</u>

113. Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

114. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and

Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

115. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

116. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

117. Wis. Stat. § 109.03 requires payment of all wages earned by Plaintiff and the Wisconsin Class to a day not more than thirty-one (31) days prior to the date of payment.

118. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by incorrectly calculating said employees' regular rate(s) of pay and/or overtime wages by virtue of not obtaining signed tip declarations by Plaintiff and the Wisconsin Class each pay period, in violation of the Wisconsin Wage Payment and Collection Laws.

119. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

120. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable

relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

121.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FOURTH CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws**
**(Plaintiff, on behalf of herself and the Wisconsin Class – Minimum Wages)**

122.     Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

123.     At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

124.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class minimum wages.

125.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

126.     Throughout the Wisconsin Class Period, Defendant compensated Plaintiff and the Wisconsin Class with an hourly rate of at least $2.33 per hour.

127.     Throughout the Wisconsin Class Period, Defendant did not compensate Plaintiff and the Wisconsin Class with an hourly rate of $7.25 per hour.

128.     Throughout the Wisconsin Class Period, Defendant claimed a tip credit for the difference between the Wisconsin Class' hourly rate(s) of pay of at least $2.33 per hour and the WWPCL's mandated minimum wage rate of pay of $7.25 per hour.

129.     Wis. Stat. § 104.02 states, in part: "Every wage paid or agreed to be paid by any employer to any employee ... shall be not less than the applicable minimum wage established under s. 104.035."

130.     Wis. Stat. § 104.035(3)(a) states, in part: "... [I]f an employer of a tipped employee establishes by the employer's payroll records that, when adding the tips received by the tipped employees in a week to the wages paid to the tipped employee in that week, the tipped employee received not less than the applicable minimum wage..., the minimum wage for the tipped employee is ... [$2.33 per hour]."

131.     Wis. § DWD 272.03(2)(b)1. states: "When the employer elects to take tip credit the employer must have a tip declaration signed by the tipped employee each pay period and show on the payroll records that any required social security or taxes have been withheld each pay period to show that when adding the tips received to the wages paid by the employer, no less than the minimum rate was received by the employee. When the employer's time and payroll records do not contain these requirements, no tip credit shall be allowed."

132.     Throughout the Wisconsin Class Period, Defendant failed to obtain signed tip declarations by Plaintiff and the Wisconsin Class for each and every pay period during which Defendant claimed the tip credit, in violation of the WWPCL.

133.     Throughout the Wisconsin Class Period, Defendant intentionally failed to compensate Plaintiff and the Wisconsin Class with an hourly rate of at least $7.25 for each hour worked each work day and each workweek, in willful violation of the WWPCL.

134.     Wis. Stat. § 109.03 requires payment of all wages earned by Plaintiff and the Wisconsin Class to a day not more than thirty-one (31) days prior to the date of payment.

135.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

136.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt, tipped employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)  At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e)  Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees damages in the form of reimbursement for overtime wages and minimum wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f)  Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages owed to them;

g)  Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h)  Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt, tipped employees with other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 9th day of November, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com